IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| DENISE ELAINE THIEL GROVE, the personal representative of the Estate of KYLE PATRICK GROVE, deceased, | ) ) ) ) | CV 11-17-H-DWM |
|---|---|---|
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER |
| THE HELENA PARKING COMMISSION, a public body, JAMES McHUGH, Executive Director, and DAVID HEWITT, Operations Manager, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**I. Introduction**

This 42 U.S.C. § 1983 action comes before the Court upon Defendants the Helena Parking Commission, James McHugh and David Hewitt's motion for judgment on the pleadings and for fees and costs. They argue a state jury has

-1-

already ruled on this case and thus they are entitled to judgment as a matter of law.[1]  Viewing the action as precluded and thus without foundation, Defendants also seek fees and costs pursuant to 42 U.S.C. § 1988.  For the reasons that follow, the motion is granted.

## II.  Background[2]

On December 3, 2009, Kyle Patrick Grove died after falling between two concrete walls at a parking facility owned by the City of Helena (the "City").  The facility was operated and maintained by the Helena Parking Commission (the "Parking Commission"), a political subdivision organized by the City.

Plaintiff Denise Elaine Thiel Grove, as personal representative of the decedent's estate, brought a wrongful death and survivorship action against the City in the Montana First Judicial District Court, Lewis and Clark County.  She alleged the City had notice of a hidden and lurking danger at the facility and negligently failed to take any remedial action.  She also specifically pled the Parking Commission, James McHugh, and David Hewitt's negligence.  See, e.g.,

---

[1]Defendants also argue the action should be dismissed because there is no viable constitutional violation supporting a claim under § 1983.  Because the Court finds this action is precluded by res judicata and collateral estoppel, the Court does not address whether Grove has stated a cognizable claim under 42 U.S.C. § 1983.

[2]These facts are derived from the pleadings in this action and the contents of "pleadings, orders and other papers on file" in the related state-court action.  See Mullis v. U.S. Bankr. Court for Dist. of Nev., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987).

Final Pretrial Order, Mar. 24, 2011, at 16 (dkt #9-2) ("The City's and Parking Commission's negligence caused Kyle Grove's death."); see also id. at 13 (alleging James McHugh and David Hewitt disregarded warnings about the facility's dangerous condition).

The state court ruled the City was negligent per se due to the height of a guard wall not complying with the International Building Code. Compl. ¶ 14 (dkt #1). The case proceeded to trial, and on March 24, 2011, a jury determined neither "the height of the wall, [n]or the City['s] other negligence, if any, cause[d] Kyle Grove's death." Special Verdict, Mar. 24, 2011 (dkt #9-3).

Undeterred, on April 5, 2011, Plaintiff Denise Elaine Thiel Grove ("Grove"), as personal representative of the decedent's estate, brought this 42 U.S.C. § 1983 action against the Parking Commission and two of its employees, James McHugh and David Hewitt. Here, she again alleges the Defendants operated the parking facility in an unsafe manner and that they had notice of a hidden and lurking danger. She also alleges the guard wall did not comply with the International Building Code, and the non-compliant wall resulted in Kyle Grove's death, amounting to a violation of the Fourteenth Amendment to the United States Constitution.

Defendants answered Grove's Complaint by claiming, amongst other things,

that this action is barred by res judicata and collateral estoppel "based on the Judgment, Jury Verdict and State Court determinations in Grove v. City of Helena, Cause No. ADV-2010-233 in the Montana First Judicial District Court, Lewis and Clark County," and that the Complaint fails to state a claim upon which relief can be granted under the Fourteenth Amendment. Ans. ¶¶ 1, 3 (dkt #9). This motion for judgment on the pleadings and for fees and costs followed.[3]

### III. Rule 12(c) Standard

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings once the pleadings are closed. "A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." Nelson v. City of Irvine, 143 F.3d 1196, 1200 (9th Cir. 1998). In considering a Rule 12(c) motion, the Court may consider not only the pled allegations but also facts of which it can take judicial notice. Heliotrope Gen., Inc. v. Ford Motor Co., 189 F.3d 971, 981 n.18 (9th Cir. 1999).

The Ninth Circuit reviews de novo a grant of judgment on the pleadings.

---

[3]In her response brief, Grove requests oral argument on Defendants' motion. The request is denied. See Greene v. WCI Holdings Corp., 136 F.3d 313, 316 (2d Cir. 1998) ("Every circuit to consider the issue has determined that the 'hearing' requirements of Rule 12 . . . do not mean that an oral hearing is necessary, but only require that the party be given the opportunity to present its views to the court.").

Honey v. Distelrath, 195 F.3d 531, 533 (9th Cir. 1999).

## IV.  Analysis

### A.  Preclusion

When a state judgment serves as the basis for preclusion, a federal court applies the res judicata and collateral estoppel rules of the state that entered judgment.  Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984).

#### 1.  Res Judicata

Under Montana law, res judicata precludes "a party from relitigating a matter that the party has already had an opportunity to litigate."  Loney v. Milodragovich, Dale & Dye, P.C., 905 P.2d 158, 161 (Mont. 1995).  Res judicata is appropriate when the following criteria are met:

    (1) The parties or their privies are the same;

    (2) The subject matter of the action is the same;

    (3) The issues related to the subject matter are the same; [and]

    (4) The capacities of the person are the same in reference to the subject matter and the issues between them.

Olympic Coast Inv. Inc. v. Wright, 105 P.3d 743, 747 (Mont. 2005).  All four criteria are met here.

The primary contest is whether the parties or their privies are the same in

both actions. Grove argues her state action involved the City, and here she is suing its Parking Commission and employees. She submits evidence showing the City and the Parking Commission are separate legal entities, but her argument fails to appreciate that the Parking Commission was a privy to the City in the state action.

For purposes of res judicata, a privy is "one whose interest has been legally represented at trial." Brault v. Smith, 679 P.2d 236, 239 (Mont. 1984). Generally, an agent is a privy to an action against its principal. See Spector v. El Ranco, Inc., 263 F.2d 143, 145 (9th Cir. 1959) (holding judgment in favor of principal may be used by agent to bar subsequent action).

The current Defendants were more than a mere agent of the City; they were its governmental agency, serving as the parking arm of the City. See Mont. Code Ann. §§ 7-14-4601, et seq. Grove directly alleged the agency's negligence in the state action. See, e.g., Final Pretrial Order, at 16 (dkt #9-2) ("The City's and Parking Commission's negligence caused Kyle Grove's death."). The City successfully defended those allegations without joining its agency as an indispensable party. In doing so, the City represented the current Defendants' legal interests, and as such, the Parking Commission and its employees were in privity with the City in the state action.

Looking to <u>Fed. Trade Comm'n v. Garvey</u>, 383 F.3d 891 (9th Cir. 2004), Grove disagrees. There, the Ninth Circuit found an indemnitee was not in privity with its indemnitor in a prior Federal Trade Commission enforcement action where the prior enforcement action focused directly on the indemnitor's conduct and there was no indication the indemnitor was acting on behalf of the indemnitee in that prior action. <u>Id.</u> at 898. That is not the case here. As discussed above, Grove directly alleged the current Defendants' negligence in the prior action, and the City successfully defended that action.[4]

As for the other three factors, there is no question both cases address the same subject matter and issues: namely whether certain omissions and acts related to the operation and maintenance of the parking facility caused Kyle Grove's death. The parties' capacities in the two actions are unchanged. Grove was and remains the plaintiff seeking relief from the City, the Parking Commission and its employees for their alleged wrongdoing. And as to finality, the state court entered

---

[4] Grove also notes the jury found the City and its negligence did not cause Kyle Grove's death. Based on only so much, she jumps to the conclusion that this means the jury found the Parking Commission liable, which in turn means the City did not represent the Parking Commission's interests. Grove presumes too much. Grove could have included an instruction clarifying that the City is liable for the negligence of its governmental agency, or sought a verdict form that would have avoided such confusion. But in the absence of both, Grove's conclusion that the jury found the Parking Commission responsible for Kyle Grove's death is untenable.

judgment pursuant to the jury's verdict. See Judgment (dkt #23-1).[5]

With all four factors met, this action is barred by res judicata.

2.  Collateral Estoppel

Collateral estoppel (issue preclusion) bars the re-opening of an issue, or re-litigation of determinative facts when the following criteria are met:

(1) the identical issue raised was previously decided in a prior adjudication;

(2) a final judgment on the merits was issued in the prior adjudication;

(3) the party against whom collateral estoppel is now asserted was a party or in privity with a party to the prior adjudication; and

(4) the party against whom preclusion is asserted must have been afforded a full and fair opportunity to litigate any issues which may be barred.

Kubacki v. Molchan, 172 P.3d 594, 597 (Mont. 2007).

*a. identical issue*

To determine if the issues decided in the previous action are identical to the ones at hand, the Court looks to "the pleadings, evidence and circumstances surrounding the two actions." Holtman v. 4-G's Plumbing & Heating, Inc., 872 P.2d 318, 322 (Mont. 1994). Collateral estoppel "extends to all questions essential

---

[5]In her brief in opposition, Grove argued the requisite finality for res judicata was missing because the state court had yet to enter final judgment. See Baltrusch v. Baltrusch, 130 P.3d 1267, 1271, 1273-74 (Mont. 2006) (ruling claim preclusion inapplicable where the matter was previously tried but "the pendency of various motions prevented entry of final judgment"). The argument, however, was rendered moot by the state court's subsequent entry of judgment.

to the judgment and actively determined by a prior valid judgment, [and it] also prevents relitigation of <u>determinative facts</u> which were actually or necessarily decided in a prior action." <u>Baltrusch</u>, 130 P.3d at 1276 (emphasis in original) (quoting <u>Haines Pipeline Const. Inc. v. Mont. Power Co.</u>, 876 P.2d 632, 636 (Mont. 1994)). Re-framing the issues or raising novel contentions does not avoid preclusion; "[i]f a new legal theory or factual assertion put forward in the second action is 'related to the subject-matter and relevant to the issues' that were litigated and adjudicated previously, 'so that it could have been raised, the judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged.' " <u>Id.</u> (quoting <u>Haines</u>, 876 P.2d at 636-37).

Here, the issues involved in the prior state action and the current one are the same. In both actions Grove alleges her son's death was caused by gaps between walls, that the walls did not meet code, and that the Parking Commission and its employees were on notice of the danger. The state-court jury already determined that such alleged negligence was not the cause of Kyle Grove's death. Simply repackaging the alleged facts into a § 1983 cause of action and substituting a governmental agency for the City does not render the issues in the two actions distinguishable under Montana's collateral estoppel doctrine. <u>See</u> <u>Baltrusch</u>, 130

P.3d at 1276-77.[6]

> b. *finality*

After the instant motion was filed, the state court entered final judgement, see Judgment (dkt #23-1), satisfying the requirement for finality. But even if final judgment had not been entered, this factor would still be met.

"The finality requirement is less stringent for [collateral estoppel] than for [res judicata]." Baltrusch, 130 P.3d at 1275 (quoting Christo v. Padgett, 223 F.3d 1324, 1339 (11th Cir. 2000)). Preclusion under collateral estoppel is appropriate if "the decision to be carried over was adequately deliberated and firm, even if not final in the sense of forming a basis for a judgment already entered," but preclusion is inappropriate if "the decision was avowedly tentative." McDaniel v. State, 208 P.3d 817, 828 (Mont. 2009) (quoting Baltrusch, 130 P.3d at 1275). The jury reached a verdict after a full trial on the merits. There is nothing tentative about that decision. The fact that Grove moved the state court to vacate the verdict[7] is irrelevant. See Baltrusch, 130 P.3d at 1275 (quoting Tripati v. Henman, 857 F.2d 1366, 1367 (9th Cir. 1988)) ("To deny preclusion during the pendency of

---

[6]Insofar as the § 1983 claim could be construed to constitute a new issue, it would still be precluded as the issues are so "intertwined that to decide [the § 1983 claim the Court] would have to rehear the precise issue previously decided." Martelli v. Anaconda-Deer Lodge County, 852 P.2d 579, 581 (Mont. 1993).

[7]That motion has since been denied. See Decision and Order (dkt #23-2).

post-trial motions and appeals 'would lead to an absurd result: Litigants would be able to refile identical cases while appeals are pending, enmeshing their opponents and the court system in tangles of duplicative litigation.' ").

*c. party or privity*

There is no dispute that Grove, the party against whom collateral estoppel is now asserted, was a party in the prior adjudication.

*d. opportunity to litigate*

The fourth and final requirement for collateral estoppel is whether Grove had a full and fair opportunity to present any issue that may be barred. Baltrusch, 130 P.3d at 1274. The burden is on Grove to establish the absence of such an opportunity. Id.

As already discussed, Grove alleged the Parking Commission and its employees' negligence in the state-court action. Grove insists, however, this did not amount to a full and fair opportunity to litigate their negligence because she did not name them as defendants due to the City misleading her as to the City's legal relationship with the Parking Commission. She claims she only learned a month before the case went to trial that the Parking Commission was a separate legal entity. The argument fails.

First, Grove still pled and argued the Parking Commission and its

employees' negligence. The fact that she did not name them in the caption is immaterial. She could have sought jury instructions or a verdict form that clarified the City was liable for its agency's negligence. Second, there is no evidence the City misled Grove about its relationship with the Parking Commission. The City admitted to the agency relationship in its answer to Grove's state complaint, see Ans., Mar. 16, 2010, at ¶ 6 (Pl.'s Ex. I), and Grove acknowledged so much in a statement of undisputed facts filed over four months before trial. See SUF, ¶¶ 2, 3, 18 (dkt #9-1).[8] Third, even if the Court assumed the City misled Grove and she only discovered the legal status of the Parking Commission a month before trial, Grove would have had good cause to amend her pleading under Mont. R. Civ. P. 15(a). She chose not to, and instead proceeded to trial against the City and lost. In short, nothing suggests Grove did not have a full and fair opportunity to litigate the current Defendants' negligence in the prior action.

With all four factors being met, Grove's action is also barred by Montana's doctrine of collateral estoppel.

**B. Fees**

42 U.S.C. § 1988 allows a district court in its discretion to award "a

---

[8]Grove also argues the City was dilatory in handing over the actual agreement between it and the Parking Commission, but the actual agreement was unnecessary to identify who the proper defendants were.

reasonable attorney's fee" to "the prevailing party" in § 1983 actions. The purpose of such an award for prevailing defendants is to protect them from "burdensome litigation having no legal or factual basis." Fox v. Rice, 131 S.Ct. 2205, 2213 (2011) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 416 (1978)). As such, fees should not be awarded simply because a § 1983 defendant has succeeded but only when the plaintiff's action was "frivolous, unreasonable, or without foundation." Id.; see, e.g., Sengupta v. Univ. of Alaska Fairbanks, 336 Fed. Appx. 751 (9th Cir. 2009) (affirming award of fees under 42 U.S.C. § 1988 where § 1983 claims had already been resolved by state court judgments).

Grove's action squarely qualifies as "burdensome litigation" without foundation. She already tried this matter before a state-court jury and lost. Undeterred, two weeks later she brought the same case refashioned as a § 1983 action with a new caption. It is plain to see at the outset that this matter has already been resolved by the state court and is precluded by Montana's collateral estoppel doctrine.

### V. Conclusion

Based on the foregoing,

IT IS HEREBY ORDERED that Defendants' Motion for Judgment on the

-13-

Pleadings and for Fees and Costs (dkt #11) is GRANTED.  This case is dismissed in its entirety as precluded by the wrongful death and survivorship action Plaintiff Grove brought against the City of Helena in the Montana First Judicial District Court, Lewis and Clark County, Cause No. ADV 2010-233.

IT IS FURTHER ORDERED that Plaintiff Grove shall pay Defendants' attorney's fees and costs incurred in defending this action.  Defendants have FIFTEEN (15) DAYS from the date of this Order to file and serve a memorandum supported by affidavit detailing such fees and costs.  Plaintiff shall then have SEVEN (7) DAYS to object to Defendants' claimed fees and costs.

Dated this 14th day of July, 2011.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT